Filed 5/23/23  In re C.M. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re C.M., A Person Coming Under the Juvenile Court Law. | D081536 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J520785) |
| v. | |
| C. M., Sr., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Marissa Bejarano, Judge.  Conditionally reversed with directions.

1

Jill Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel and Emily Harlan, Senior Deputy County Counsel, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

C.M., Sr. (Father) appeals from a juvenile court order terminating his parental rights. (Welf. & Inst. Code, § 366.26.)[2] His sole contention on appeal is that the San Diego County Health and Human Services Agency (Agency) did not comply with its initial inquiry duties under the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) and section 224.2. The parties agree that the Agency's initial ICWA inquiry was deficient because the Agency failed to ask the paternal grandfather about the possibility of Indian ancestry even though he appeared at the disposition hearing in February 2020 seeking placement of C.M. Additionally, the Agency had the names of other maternal and paternal grandparents and knew the parents had siblings, yet nothing in the record indicates the Agency ever attempted to locate these extended family members to make a similar inquiry. (§ 224.2, subd. (b); *In re Y.W.* (2021) 70 Cal.App.5th 542, 556 [The point of asking other relevant individuals about possible Indian ancestry is "to obtain information the parent may not have."].)

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application." (Cal. Stds. Jud. Amin., § 8.1(1).)

[2] All undesignated statutory references are to the Welfare and Institutions Code.

Because substantial evidence does not support the juvenile court's findings that reasonable inquiry had been made into C.M.'s possible Indian Ancestry and ICWA did not apply, we conditionally reverse the order terminating parental rights with a limited remand for the Agency to comply with ICWA and section 224.2.

## DISPOSITION

The juvenile court's order terminating parental rights is conditionally reversed and the matter is remanded to the juvenile court with directions that the Agency comply with the inquiry provisions of ICWA and section 224.2. If, after completing ICWA inquiry, neither the Agency nor the juvenile court has reason to know C.M. is an Indian child, the order entered at the section 366.26 hearing shall be immediately reinstated. If the Agency or juvenile court has reason to know C.M. is an Indian child, the court shall proceed accordingly.

DATO, Acting P. J.

WE CONCUR:

DO, J.

CASTILLO, J.

3